T.C. Memo. 1996-240


UNITED STATES TAX COURT


RICHARD L. AND BETTY L. SELTZER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25353-93.                        Filed May 23, 1996.


Richard L. Seltzer, pro se.

<u>J. Eric Lawson</u>, for respondent.


MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant

to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent

determined deficiencies in petitioners' 1989, 1990, and 1991

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Federal income taxes in the amounts of $1,980, $2,032, and $2,332, respectively. The issue for decision is whether petitioners must include in income the entire amount of Civil Service Retirement System (CSRS) retirement benefits received by Richard L. Seltzer during each year in issue. All other adjustments made in the notice of deficiency are computational in nature and will automatically be resolved in accordance with the resolution of the disputed issue.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. During the years in issue, petitioners were husband and wife and filed joint Federal income tax returns. At the time the petition was filed, petitioners resided in New Palestine, Indiana. References to petitioner are to Richard L. Seltzer.

Petitioner was employed in a civilian capacity by the Department of Defense from 1964 until his retirement in 1974. As a civilian Federal government employee, petitioner participated in the CSRS, and over the term of his employment made non-tax advantaged contributions towards a CSRS retirement annuity in the amount of $6,350. Petitioner retired from the Department of Defense on September 1, 1974, and began receiving CSRS retirement benefits (the annuity) sometime after July of 1975. Petitioner's annuity took into account his prior military service with the U.S. Army. It appears that petitioner has been involved in

long-standing, ongoing disputes with the Office of Personnel Management (OPM)[2] concerning whether OPM gave him proper credit towards his annuity for his military service.[3] Petitioner claims that because OPM failed to give him proper credit for certain military service, his annuity benefits have been less than they should have been.

In 1986, OPM determined that petitioner was overpaid annuity benefits for prior periods in the amount of $7,291. Consequently, OPM began collecting the overpayment by deducting, or withholding, $202.52 from petitioner's monthly annuity distributions. Through this method, as of August 31, 1989, OPM had collected the entire amount of the overpayment, and the deductions from petitioner's annuity distributions did not continue beyond that date. For various reasons, petitioner does not necessarily agree that he was overpaid for the earlier years, nevertheless, through the deductions from his monthly annuity benefits he "repaid" $1,620.16 to OPM in 1989. No other repayments were made by petitioner to OPM during 1989. No repayments of annuity benefits, through deductions from petitioner's pension benefits or otherwise, were made by petitioner to OPM during 1990 and 1991.

---

[2]OPM is responsible for the administration of the CSRS.

[3]In this regard see Seltzer v. Office of Personnel Management, 833 F.2d 975 (Fed. Cir. 1987).

During the year 1989, after having his annuity distributions reduced as discussed above, petitioner received annuity benefits from OPM in the amount of $11,447.84.[4] Although the Form W-2P(A) issued by OPM to petitioner with respect to the year 1989 characterized the amount as a "gross" distribution, in fact it was net of the $1,620.16 repayment. For the years 1990 and 1991, petitioner received $13,680 and $14,412, respectively, in annuity distributions. The 1990 amount was appropriately reported on a Form W-2P(A), and the 1991 amount was appropriately reported on a Form 1099R.

On line 17a of their 1989, 1990, and 1991 Federal income tax returns, petitioners reported "Total pensions and annuities" in the amounts of $29,036.84, $32,165.31, and $33,840.72, respectively.[5] On line 17b of their returns for each of the

---

[4]Petitioner retired from the U.S. Army Reserves as a lieutenant colonel in 1981. He retired from the Ohio Public Utility Commission as an administrative officer in 1983. During each year in issue, in addition to his CSRS annuity distributions, petitioner also received pension or annuity income from the U.S. Army, the Public Employees Retirement System of Ohio (PERS), and Social Security benefits. The disputed issue in this case involves only petitioner's CSRS annuity.

[5]These totals consisted of the following items:

| Payor | 1989 | 1990 | 1991 |
|-------|------|------|------|
| PERS | $3,649.32 | $3,748.32 | $3,847.32 |
| U.S. Army | 13,939.68 | 14,736.99 | 15,581.40 |
| OPM | 11,447.84 | 13,680.00 | 14,412.00 |
| Total | $29,036.84 | $32,165.31 | $33,840.72 |

years in issue, petitioners listed the "taxable amount" of such items as $18,039, $21,923, and $23,169, respectively. In computing the amounts reported on line 17b, petitioners reduced the amounts shown on line 17a for each year by $10,998, $10,242, and $10,672, respectively. The amounts of the reductions relate entirely to the CSRS annuity distributions.

In the notice of deficiency respondent determined that petitioners were not entitled to the reductions claimed, and, in addition to other adjustments not in dispute, increased petitioners' income for each year in issue by the amount of the reduction claimed by petitioners in connection with petitioner's CSRS annuity distributions.[6]

Respondent's determinations, having been made in a notice of deficiency, are presumptively correct, and petitioners bear the burden of proving that such determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Although we are unable completely to follow petitioners' arguments, it appears that they take the position that the reductions, or exclusions, were proper for two reasons. First, they claim that the reductions reflect amounts that they repaid to OPM during the relevant year. As best as we can tell from the record, petitioners allege that petitioner repaid or contributed

[6]In the notice of deficiency, respondent erroneously overstated the amount of the 1991 adjustment on this item. The parties stipulated that the proper amount of the adjustment should have been $10,672.

previously taxed income to OPM in an amount totaling $13,844.90[7] between the years 1983 and 1989. Petitioners contend that the reductions in some manner relate to these alleged repayments or contributions and that unless the reductions are allowed portions of petitioner's retirement benefits will effectively have been taxed twice. Secondly, they argue that they are entitled to reduce the amount received from OPM for each year by the amount that petitioner should have received for such year if OPM would have properly computed his CSRS retirement benefits.

While we agree, as respondent apparently does, that as a general proposition taxpayers should not be twice taxed on the same income, we fail to see any relationship between the amount that petitioner claims to have repaid to OPM during 1983 through 1989, and the amount by which petitioners reduced the CSRS retirement benefits for each year. In any event, we find that with respect to the years before us, the only repayment made by petitioner occurred in 1989, and the amount of such repayment was taken into account in the amount of gross annuity distributions reported on the Form W2-P(A) issued to petitioner for that year. There is no evidence in the record of any repayments with respect to the years 1990 or 1991. We believe petitioner considers the term "repayment" to include amounts that he should have received

---

[7]Specifically, petitioner asserts that he repaid or contributed income to OPM in the amounts of $152, $1,295.16, $2,562.84, $3,354.26, $2,430.24, $2,430.24, and $1,620.16 for the years 1983 through 1989, respectively.

from OPM based upon his calculations of what his retirement benefits should have been. Such "repayments" do not give rise to the potential of subjecting petitioners to double taxation on the same income.

Even if the record contained sufficient evidence to do so, which it does not, it is well beyond the jurisdiction of this Court to determine the proper amount of petitioner's CSRS retirement benefits. While the record does not reveal what petitioner should have received as annuity distributions from OPM during the years in issue, we do know what he did receive, evidenced not only by the amounts reported on the Forms W-2P(A) or 1099R, but by the stipulations of the parties as well. It would appear to us that petitioner, by excluding portions of his annuity distributions, is attempting to recoup, through reduced Federal income taxes, what he claims he should have received in annuity benefits.

Whatever petitioner's reasons for the claimed reductions, or exclusions, petitioners have provided us with no authority, and we are aware of none, that would entitle them to do what they did. In general, unless specifically excluded, gross income means all income from whatever source derived, including annuities. Sec. 61(a)(9). More specifically, section 72(a) provides that, except as otherwise provided in chapter 1 (Normal Taxes and Surtaxes), gross income includes any amount received as an annuity (whether for a period certain or during one or more

lives) under an annuity, endowment or life insurance contract.[8] No provision of section 72 supports the position taken by petitioners in this case.

Over the 3-year period in issue, petitioners excluded a total of $31,911.84 from the annuity distributions petitioner received from OPM. Exclusions from income cannot be implied, but must be unambiguously proven. Cf. <u>United States v. Wells Fargo Bank</u>, 485 U.S. 351 (1988). This petitioners have failed to do. As previously stated, petitioners have not called our attention to any authority, and we know of none, that would permit them to exclude any portions of petitioner's annuity distributions from their income for the years in issue. Accordingly, respondent's determination increasing petitioners' income for the years 1989, 1990, and 1991, as set forth above is sustained, except to the extent set forth <u>supra</u> in note 6.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[8]Petitioners do not claim that they are entitled to exclude portions of the annuity distributions in dispute in accordance with sec. 72(b). According to OPM, petitioner would have recovered his contributions many years before the years in issue. We assume petitioner, pursuant to a prior version of sec. 72(b), would have appropriately excluded from income the annuity distributions that represented the recovery of his contributions.